UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>BRYCE BEAVER,<br><br>            Defendant. | No.  15-cr-00158 JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCE/RULE 35 MOTION** |

   Defendant Bryce Beaver ("Beaver")'s motion for reconsideration [73] requests that this Court modify its original sentence of one year and a day in federal prison.  Beaver argues that the Court's sentence was based on two clear errors: (1) a misapplication of the underlying facts and (2) an analysis of the § 3553 factors.  Specifically, Beaver alleges that the Court incorrectly thought that Beaver had sold sawed-off shot guns, even though Beaver in fact had sold short barrel pistols.

   Beaver pleaded guilty to possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d).  On February 26, 2014, ATF agents seized two unregistered AR-15 short-barrel rifles that did not contain manufacture markings or serial numbers from Beaver's

home in Orangevale, California.  Beaver admitted that he possessed the two short-barrel rifles.  Since Beaver's offense involved a firearm described in 26 U.S.C. § 5845(a), the base offense level for his crime is 18.  USSG § 2K2.1(a)(5).  Beaver also admitted to building six to ten firearms and supplying those firearms to another individual.  Thus, the Court applied a +2 enhancement because the offense involved between three and seven firearms.  USSG § 2K2.1(b)(1)(A).  The Court also applied the +4 enhancement required for trafficking in firearms.  USSG § 2K2.1(b)(5).  Finally, the Court subtracted three offense levels for acceptance of responsibility and assistance in the investigation.  Beaver's motion does not provide the Court with any new facts or arguments as to why this guideline range is incorrectly calculated.  Thus, the correct guideline range in this case was and remains 37 to 46 months based on the offense level of 21 and a criminal history category of I.  There was no misapplication or misunderstanding of the underlying facts of this case by the Court.

Contrary to Beaver's allegations in his motion, the Court also properly considered all of the § 3553(a) factors.  The Court concluded that a downward variance was warranted given Beaver's lack of criminal history, employment status, and post arrest conduct, including cooperation with law enforcement, among other factors.  The twelve month and one day sentence was a significant downward variance from the applicable guidelines range and within the guideline range proposed by Beaver in his sentencing memorandum.

But as the Court has already explained during the sentencing

hearing, prison time is warranted here.  Possession of illegal firearms is a serious offense and the Court believed that a prison sentence was necessary to afford adequate deterrence to criminal conduct by other individuals engaging in this illegal and dangerous activity.  The Court also found that the sentence of three years probation requested by Beaver would not reflect the seriousness of the offense, promote respect for the law or provide just punishment. A term of home detention, rather than imprisonment fails for the same reason. In short, the sentence imposed by the Court is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

    For these reasons, the Court denies Beaver's motion for reconsideration.  The Court's sentence did not result from arithmetical, technical or other clear error.  Fed. R. Crim. P. 35(a).  There is no legal cause to change or modify this sentence

    IT IS SO ORDERED.

Dated:   June 6, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE